

**NUMBER 13-13-00648-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

**IN RE JOSEPH E. McCLAIN III**

**On Petition for Writ of Mandamus.**

**MEMORANDUM OPINION**

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam[1]**

Relator, Joseph E. McClain III, pro se, filed documents including a petition for writ of mandamus, motion for temporary relief, and motion for sanctions on November 22, 2013. The documents are unclear regarding the specific actions or orders complained of or the nature of the relief sought by relator, however, it appears that part of the relief sought includes the transfer of trial court cause numbers D-1-GN-1100-2276 and D-1-GN-1200-2489 to this Court from Travis County.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator has an appeal pending in this Court in cause number 13-13-00398-CV from trial court cause number D-1-GN-13-000356. That appeal was transferred to this Court from the Third Court of

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. In fact, at the present time, the Court is unable to discern the precise nature of the relief

---

Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (West 2004 & Supp. 2013) (delineating the jurisdiction of appellate courts); TEX. GOV'T CODE ANN. § 73.001 (West 2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). We dismiss that appeal by separate opinion issued this same date. *See McClain v. Dell, Inc.*, No. 13-13-00398-CV, 2013 WL ___ (Tex. App.—Corpus Christi Nov. 26, 2013, no pet. h.) (mem. op. per curiam).

2

sought by relator. Accordingly, the petition for writ of mandamus, motion for temporary relief, and motion for sanctions are DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
26th day of November, 2013.